UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

CIVIL ACTION NO. 12-671-KKC

DAVID and DEBBIE CIKOVIC, PLAINTIFFS,

V. **OPINION AND ORDER**

HOMEBRIDGE MORTGAGE BANKERS CORP.,
JP MORGAN CHASE BANK, N.A.,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
MERSCORP HOLDINGS, INC.,
BANK OF AMERICA, NA,
RECONTRUST COMPANY, N.A.,
CORELOGIC, INC.,
GOVERNMENT NATIONAL MORTGAGE ASSOCIATION,
JANE DOE TRUSTS, and
JOHN DOES, DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motions to dismiss filed by Defendants Bank of America, N.A. ("BOA"), ReconTrust Company, N.A, Mortgage Electronic Registration Systems, Inc., and MERSCORP Holdings, Inc. (DE 8), CoreLogic, Inc. (DE 20), and JP Morgan Chase Bank, N.A. (DE 23) (together, the "Moving Defendants.") For the following reasons, these motions will be granted

The Plaintiffs assert that they purchased a house in 1999 and that, from August 2007 on, the Defendants have defrauded them with regard to the loan they obtained to finance the purchase of the property. (DE 1, Complaint, Nature of the Action ¶ 25.)

As will be discussed further below, the nature of the fraud is not clear. The Plaintiffs do not dispute that they purchased the house with a loan of $203,162. Nor do they dispute that they defaulted on the loan. The Plaintiffs state that certain unidentified Defendants have asserted a

foreclosure action against them. (DE 1, Complaint, ¶ 29.) The Plaintiffs seem to argue that the fraud occurred when Defendant Homebridge Mortgage Bankers Corp. falsely asserted that it loaned the Plaintiffs money and then fraudulently assigned the note to various of the other Defendants. The Plaintiffs do not ever assert that some entity other than Homebridge actually loaned them the money to purchase the house.

The Plaintiffs ask the Court to declare that they do not owe any debt to any of the Defendants and that the Defendants do not have any right to foreclose on the Plaintiffs' property. (DE 1, Complaint, First Cause of Action, ¶ 141.) The Plaintiffs also assert a common-law fraud claim (DE 1, Complaint, Fifth Cause of Action) and a statutory fraud claim under the Tennessee Consumer Protection Act (TCPA), Tenn. Code Ann. § 47-18-101, *et seq.*, (DE 1, Complaint, Sixth Cause of Action) against all Defendants. The Plaintiffs assert a quiet-title action (DE 1, Complaint, Second Cause of Action) against only Defendants Homebridge, Chase, MERS, BOA, Government National Mortgage Association, and the unnamed defendants. The Plaintiffs assert unjust enrichment (DE 1, Complaint, Third Cause of Action) and conversion claims (DE 1, Complaint, Fourth Cause of Action) against only BOA. Finally, the Plaintiffs assert a claim under the Federal Debt Collections Practices Act against BOA, Recon, and Chase (DE 1, Complaint, Seventh Cause of Action).

The Moving Defendants move to dismiss all of the claims against them arguing that the Plaintiffs have failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) and have failed to plead fraud with specificity under Federal Rule of Civil Procedure 9(b).

**II.     Analysis.**

All of the Plaintiffs' claims depend on their claim that the Defendants have committed common-law and statutory fraud.

2

To establish a prima facie case of a violation of the TCPA, the plaintiff must allege facts showing that the "defendant engaged in an act or practice that is unfair or deceptive as defined under the Act, and that plaintiff suffered a loss of money, property, or a thing of value as a result of the unfair or deceptive act of [the] defendant." *Rhodes v. Bombardier Capital Inc.*, No. 3:09–CV–562, 2010 WL 3861074, at *2 (E.D.Tenn. 2010) (citing Tenn.Code Ann. § 47–18–109). "[T]he Tennessee Supreme Court has recognized that a deceptive act or practice is a material representation, practice or omission likely to mislead a reasonable consumer." *Cloud Nine, LLC v. Whaley*, 650 F.Supp.2d 789, 797 (E.D.Tenn. 2009) (citing *Ganzevoort v Russell*, 949 S.W.2d 293, 299 (Tenn. 1997)). An act or practice is unfair only if it "causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition." *Ward Adventures, LLC v. Buddy Gregg Motor Homes, Inc.*, No. 3:05–CV–236, 2007 WL 869619 (E.D.Tenn. 2007) (quoting *Tucker v. Sierra Builders*, 180 S.W.3d 109, 116-17 (Tenn.Ct.App.2005)).

> Under Tennessee common law, a claim for fraud consists of the following elements:
>
> (1) that the defendant made a representation of a present or past fact; (2) that the representation was false when it was made; (3) that the representation involved a material fact; (4) that the defendant either knew that the representation was false or did not believe it to be true or that the defendant made the representation recklessly without knowing whether it was true or false; (5) that the plaintiff did not know that the representation was false when made and was justified in relying on the truth of the representation; and (6) that the plaintiff sustained damages as a result of the representation.

*Hodge v. Craig*, 382 S.W.3d 325, 343 (Tenn. 2012).

Despite filing a complaint of 31 pages and more than 150 paragraphs, the Plaintiffs have not set forth any facts that would raise a "plausible inference of wrongdoing" against the Moving Defendants. *16630 Southfield Ltd. Partnership v. Flagstar Bank, F.S.B.*, 2013 WL 4081909, at *2 (August 14, 2013). "[N]aked assertions devoid of further factual enhancement contribute

3

nothing to the sufficiency of the complaint." *Id.* at * 4 (citation and internal quotations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In order to survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 555. The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and to nudge his claim "across the line from conceivable to plausible." *Id.* at 570. These pleading requirements "prevent plaintiffs from launching a case into discovery – and from brandishing the threat of discovery during settlement negotiations – 'when there is no reasonable likelihood that [they] can construct a claim from the events related in the complaint.'" *16630 Southfield*, 2013 WL 4081909, at * 2 (quoting *Twombly*, 550 U.S. at 558).

Under the Federal Rules of Civil Procedure, there is a heightened pleading standard for fraud claims requiring Plaintiffs to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To comply with Rule 9(b), a plaintiff, at a minimum, must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161–62 (6th Cir.1993) (internal quotation marks and citations omitted).

The Plaintiffs have not stated a claim against any of the Moving Defendants. The Plaintiffs allege that, despite the promissory note evidencing an agreement by Homebridge to loan money to Debbie and Debbie's agreement to pay the money back, the Defendants actually

4

only defrauded the Plaintiffs into believing that Homebridge loaned money to Debbie. (*See, e.g.,* DE 1, Complaint, Nature of the Action, ¶¶ 26, 27, 33(a)(b), (d)-(g).) The Plaintiffs assert that, "in truth, no named Defendant(s) loaned money to Plaintiffs." (DE 1, Complaint, Nature of the Action.) They further assert that "[t]o conceal this fraud, Defendants fabricated a Note . . . and Deed of Trust. . . wherein Homebridge claimed to be the 'Lender.'" (DE 1, Complaint, ¶ 26.)

The Plaintiffs allege that, having created a false note and Deed of Trust, Homebridge then fraudulently assigned the note to various other Defendants, including Chase and BOA. (*See, e.g.*, DE 1, Complaint, ¶¶ 27-28, 33(c), (g), (i).) The Plaintiffs also assert that BOA later misrepresented that both Counrywide FSB and BOA owned the note. (DE 1, Complaint ¶ 33(h), (l).) The Plaintiffs further assert that BOA now alleges that it has the right to foreclose on the property. (DE 1, Complaint, ¶ 33(l), (m).)

The Plaintiffs' allegations appear to be deliberately vague and obscure. The Plaintiffs allege that Homebridge fabricated documents and misrepresented that the Plaintiffs borrowed the $203,162 from it. But, the Plaintiffs do not appear to allege that Homebridge committed the criminal act of fabricating a false note without any contact with the Plaintiffs whatsoever. Nowhere in their lengthy complaint do the Plaintiffs ever claim that some other entity actually loaned Debbie the money to purchase the house. Nor do they deny that Debbie signed the Homebridge note.

Thus, the Plaintiffs may be alleging that the note between Homebridge and Debbie was somehow legally deficient and, thus, could not actually obligate Debbie to repay the money. If so, it is unclear how any of the Defendants would have profited off of this scheme. Whatever Plaintiffs are alleging, they have not done so with the specificity necessary to permit the Defendants to respond to the Complaint.

5

Further, the Plaintiffs do not ever explain how they relied on the alleged misrepresentations by the Defendants that the note had been assigned. Nor do they make any coherent allegations regarding how they were damaged by the Defendants' alleged misrepresentations. They state:

> These misrepresentations injured Plaintiffs by: (a) resulting in fraud in the inducement and execution of a fraudulent debt instrument that Defendants unlawfully used against Plaintiffs to inflict pain and suffering, encumber and foreclose Property, extract monies, damage credit ratings, and cause other injuries; (b) concealing the true association and involvement of HOMEBRIDGE with Plaintiffs; (c) concealing Defendants' Common Purpose; and (d) preventing Plaintiffs from asserting their rights.

(DE 1, Complaint, ¶ 33(a)).

Not only is the nature of the fraudulent scheme unclear, it is equally unclear how the Plaintiffs allege they were injured by the allegedly fraudulent scheme.

Because the Plaintiffs have failed to state a claim for common-law or statutory fraud, all of their claims fail. Plaintiffs have not moved for permission to amend their complaint. Accordingly, the Court will grant the Moving Defendants' motion to dismiss this action and will dismiss the claims against the Moving Defendants.

There is no evidence in the record that the Plaintiff has served the other two named Defendants in this action: Homebridge and Government National Mortgage Association. For the reasons discussed above with regard to the Moving Defendants, the Complaint does not state a claim against either of these unserved Defendants either. In accordance with Federal Rule of Civil Procedure 4(m), the Court will order the Plaintiffs to show cause within 14 days of the entry date of this opinion why this action should not be dismissed in its entirety. Failure to do so will result in dismissal of this action.

**III.     Conclusion.**

For all these reasons, the Court hereby ORDERS as follows:

1) the motions to dismiss filed by Defendants Bank of America, N.A., ReconTrust Company, N.A, Mortgage Electronic Registration Systems, Inc., and MERSCORP Holdings, Inc. (DE 8), CoreLogic, Inc. (DE 20), and JP Morgan Chase Bank, N.A. (DE 23) are GRANTED;

2) the Claims against Bank of America, N.A., ReconTrust Company, N.A., Mortgage Electronic Registration Systems, Inc., MERSCORP Holdings, Inc., Corelogic, Inc., and JP Morgan Chase Bank, N.A. are DISMISSED;

3) within 14 days of the entry date of this opinion, the Plaintiffs SHALL SHOW CAUSE why this action should not be DISMISSED in its entirety; and

4) the Plaintiffs' motion for extension of time (DE 25) is DENIED as moot, the Plaintiffs having made the same request in another motion that the Court has already granted (DE 26, 27).

This 27th day of September,

Signed By:
*Karen K. Caldwell* KKC
United States District Judge